**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-548C

Filed: November 13, 2015

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| PHILLIP L. CROWDER, | \* |
| Plaintiff, *pro se*, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
NOV 1 3 2015
U.S. COURT OF
FEDERAL CLAIMS

**Phillip L. Crowder**, Raleigh, North Carolina, *pro se*.

**Richard P. Schroeder**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

**I.    RELEVANT FACTUAL BACKGROUND.[1]**

On December 7, 2006, Phillip L. Crowder pleaded guilty to a violation of 18 U.S.C. § 922(g),[2] before the United States District Court for the Eastern District of North Carolina ("District

---

[1] The relevant facts were derived from: Plaintiff's May 28, 2015 Complaint ("Compl."); Plaintiff's July 20, 2015 "Amend[ed] Order" that this court construes to be Plaintiff's Amended Complaint ("Am. Compl."); and the Appendix to the Government's July 30, 2015 Cross-Motion To Dismiss ("Gov't App. A1–A9"). The court may consider evidence outside the pleadings when jurisdictional facts are in dispute. *See Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999) ("Fact-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint . . . are challenged."). As such, consideration of the Appendix to the Government's July 30, 2015 Cross-Motion To Dismiss is appropriate, because the documents contained therein provide the factual basis for whether the court has jurisdiction.

[2] Section 922(g), in relevant part, provides:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or

Court"). Gov't App. A4. On March 20, 2007, Mr. Crowder was sentenced to 72 months' imprisonment, followed by 36 months' supervised release. Compl. at 1.

On August 8, 2013, the District Court vacated Mr. Crowder's conviction, because it was based on prior convictions that no longer qualified as predicate offenses, in light of the United States Court of Appeal for the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Gov't App. A4.

On May 20, 2014, Mr. Crowder filed a Complaint with the District Court, seeking to recover monetary damages for the alleged seven years that he had been "under [f]ederal jurisdiction, . . . including supervised release" before the vacatur.[3] Compl. at 1. The District Court found that Mr. Crowder's claim was controlled by 28 U.S.C. §§ 1495 and 2513 and should have been filed in the United States Court of Federal Claims with a requisite certificate of actual innocence. *See Crowder v. United States*, No. 5:14-CT-3133-F, 2014 WL 7011005, at *2 (E.D.N.C. Dec. 11, 2014). The District Court therefore transferred Mr. Crowder's Complaint to the docket of his criminal case as a Motion For The Issuance Of A Certificate Of Actual Innocence. *Id.* at *3.

On February 3, 2015, the District Court denied Mr. Crowder's Motion For The Issuance Of A Certificate Of Actual Innocence. Gov't App. A7. The District Court held that even though Mr. Crowder's possession of a firearm did not violate the federal law, his prior North Carolina felony convictions made his possession of a firearm a violation of North Carolina law. Gov't App. A6. As such, the District Court held that Mr. Crowder failed to demonstrate actual innocence. Gov't App. A6.

## II. PROCEDURAL HISTORY.

On May 28, 2015, Phillip L. Crowder ("Plaintiff") filed a Complaint ("Compl.") in the United States Court of Federal Claims, seeking $350,000 for "false arrest, false indictment, unjust and wrongful conviction, [and violation] of [his] [c]onstitutional rights as a citizen," and $350,000 for "injuries, surgical operations, [and] pain and suffering enlisting indefinate [sic] physical paralysis, etc." Compl. at 2. The May 28, 2015 Complaint seeks relief for "incident, altercation, mental anguish, emotional duress, slavery and servitude, defammation [sic] of character, seizure of [his] person and property, and deprivation endured during imprisonment and unconstitution[al] circumstances." Compl. at 2. The May 28, 2015 Complaint also proposes a settlement fee of

---

transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C § 922(g).

[3] *But see Crowder v. United States*, No. 14-CT-3133-F, 2014 WL 7011005, at *2 (E.D.N.C. Dec. 11, 2014) ("Before his conviction was vacated, [Mr. Crowder] served five years and three months in federal prison.") (internal citation and quotation marks omitted).

$350,000. That same day, Plaintiff also filed a Motion For Leave To Proceed *In Forma Pauperis* that the court granted on September 10, 2015.

On June 8, 2015, Plaintiff submitted a letter to the court requesting production of certain statutes for his review. The court denied Plaintiff's request on June 10, 2015, because the letter was not a proper motion under Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC").[4]

On July 20, 2015, Plaintiff filed an "Amend[ed] Order" that this court construes to be an Amended Complaint. The Amended Complaint increased Plaintiff's proposed settlement fee to $400,000, and explained that the May 28, 2015 Complaint should be construed as a claim for unjust conviction and wrongful imprisonment, not as a commercial claim under 28 U.S.C. § 1491(b). Additionally, a document entitled "Order," attached to the July 20, 2015 Amended Complaint, appears to subpoena the Government to produce documents. That same day, Plaintiff also filed a Motion For Damages For Unjust Conviction.

On July 27, 2015, the Government objected to Plaintiff's subpoena.

On July 30, 2015, the Government filed a Response ("Gov't Resp.") to Plaintiff's July 20, 2015 Motion For Damages For Unjust Conviction and filed a Cross-Motion To Dismiss ("Gov't Mot."), pursuant to RCFC 12(b)(1) and 12(b)(6). Plaintiff did not file a Response.

On September 28, 2015, the court issued an Order, requiring Plaintiff to show cause why this case should not be dismissed in light of his failure to prosecute his case under RCFC 41(b).[5] Plaintiff did not respond to the Show Cause Order.

### III. DISCUSSION.

#### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

---

[4] RCFC 7(b), in relevant part, provides, "A request for a court order must be made by motion. . . . The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." RCFC 7(b).

[5] RCFC 41(b), in relevant part, provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion[.]" RCFC 41(b).

3

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B.     Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). This court traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Cl. Ct. 456, 468 (1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C.     Standard Of Review Under RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

### D.     The Government's July 30, 2015 Cross-Motion To Dismiss.

#### 1.     The Government's Argument.

The Government argues that this court does not have jurisdiction to adjudicate the claims alleged in the May 28, 2015 Complaint. Gov't Mot. at 1. Specifically, the Government contends that Plaintiff's unjust conviction and imprisonment claim should be dismissed, because Plaintiff "has failed to satisfy the requirements of section 2513, including obtaining a certificate of

4

innocence." Gov't Mot. at 9. In addition, the Government urges this court to dismiss other constitutional claims, because the court has jurisdiction to "entertain only those constitutional claims that 'require payment of money damages for the violation.'" Gov't Mot. at 10 (quoting *Murray v. United States*, 817 F.2d 1580, 1583 (Fed. Cir. 1987)). In addition, the Government contends that Plaintiff's various other tort claims should be dismissed, because the court "does not possess Tucker Act jurisdiction to entertain tort claims." Gov't Mot. at 11.

In the alternative, the Government argues that some of Plaintiff's claims can be dismissed pursuant to RCFC 12(b)(6). Specifically, the Government argues that this court should dismiss the wrongful conviction and imprisonment claim due to Plaintiff's "inability to allege the elements of section 2513." Gov't Mot. at 13. Likewise, the constitutional takings claim should be dismissed, because "it is clear from the complaint that any property seized by the Government was seized pursuant to the Government's police power in connection with the criminal law matters." Gov't Mot. at 14.

### 2. Plaintiff's Response.

Plaintiff did not file a Response to the Government's July 30, 2015 Cross-Motion To Dismiss.

### 3. The Court's Resolution.

"[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]" *Todd*, 386 F.3d at 1094. In determining whether Plaintiff properly identified a separate substantive right for money damages, the court is cognizant of its obligation to construe liberally *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that a "*pro se* document is to be liberally construed"). But, the court "does not excuse [a complaint's] failures." *Henke*, 60 F.3d at 799.

The May 28, 2015 Complaint alleges three claims: (1) wrongful conviction and imprisonment; (2) injury by the Government's alleged tortious acts;[6] and (3) violation of Plaintiff's constitutional rights, including his right to property. For the reasons set forth below, this court finds that Plaintiff has failed to meet the burden of establishing that this court has jurisdiction over his claims.

First, Plaintiff has not demonstrated that his conviction and imprisonment were unjust, so as to bring his claim within the realm of this court's jurisdiction. Although the court has jurisdiction "to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned," 28 U.S.C. § 1495, its ability to adjudicate this claim is limited by 28 U.S.C. § 2513(a).

---

[6] The May 28, 2015 Complaint seeks relief for "false arrest" and "injuries, surgical operations, pain and suffering enlisting indefinate [sic] physical paralysis" and "incident, alternation, mental anguish, emotional duress . . . defammation [sic] of character, seizure of [his] person . . . and deprivation during imprisonment[.]" Compl. at 2.

Section 2513(a) of the Unjust Conviction Act provides:

Any person suing under section 1495 of this title must [also] allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

In this case, neither the May 28, 2015 Complaint, the July 20, 2015 Amended Complaint nor the July 20, 2015 Motion For Default Judgment "allege[s] or prove[s]" any of the statutory requirements, *i.e.*, that Plaintiff received a certificate of innocence or was "pardoned upon the stated ground of innocence," and that "[h]e did not commit any of the acts charged." 28 U.S.C. § 2513(a). This is because the convicting District Court denied Plaintiff's Motion For The Issuance Of A Certificate Of Actual Innocence and expressly found that "[Plaintiff could not] demonstrate that he [was] truly innocent of any offense." Gov't App. A6. As such, the court does not have jurisdiction to adjudicate Plaintiff's unjust conviction and imprisonment claim.

Second, Plaintiff's tort claims do not fall within the purview of this court's jurisdiction. Tort claims are expressly excluded from the provisions of the Tucker Act. *See* 28 U.S.C. § 1491(a)(1); *see also Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the [United States] Court of Federal Claims jurisdiction claims sounding in tort."). Therefore, the court does not have jurisdiction to adjudicate claims relating to the Government's alleged tortious acts.

Finally, the court cannot adjudicate the claims regarding violations of Plaintiff's constitutional rights, including his right to property, because neither the May 28, 2015 Complaint nor the July 20, 2015 Amended Complaint state more than bare allegations that Plaintiff's constitutional rights were violated, *i.e.*, Plaintiff does not identify any constitutional provisions under which the court can adjudicate his claims. Moreover, to the extent that the claim relating to seizure of Plaintiff's property can be construed as a violation of his Fifth Amendment right to property, Plaintiff does not assert that his property was taken for public use, rather than pursuant to the criminal laws. *See A &D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1150 (Fed. Cir. 2014) ("[The Takings Clause] guarantees just compensation whenever private property is 'taken' for public use."); *see also Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1331 9 Fed. Cir. 2006) ("When property has been seized pursuant to the criminal laws[,]. . . such deprivations are not 'takings' for which the owner is entitled to compensation."). As such, Plaintiff's constitutional claims are frivolous and cannot be adjudicated by this court. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003, 1010, 140 L. Ed. 2d 210 (1998) ("Dismissal for lack of

subject-matter jurisdiction because of the inadequacy of the federal claim is proper . . . when the claim is so insubstantial [and] implausible. . . .") (internal citations and quotation marks omitted); *see also Moden v. United States*, 404 F.3d 1335, 1340–41 (Fed. Cir. 2005) (holding that dismissal for lack of subject-matter jurisdiction is permissible where a claimant asserts a frivolous claim).

## IV. CONCLUSION.

For the reasons discussed herein, the Government's July 30, 2015 Motion to Dismiss is granted. *See* RCFC 12(b)(1), 12(b)(6). The Clerk is directed to dismiss Plaintiff's May 28, 2015 Complaint and July 20, 2015 Amended Complaint. As such, all remaining pending motions in this case are denied as moot.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
**Judge**